UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RAFAEL A.P.A.,

Petitioner,

Civil No. 26-906 (JRT/ECW)

v.

PAMELA BONDI, *Attorney General of the United States*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

JOEL BROTT, *Sheriff of Sherburne County, Minnesota*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

Respondents.

MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Myron W. Orfield, Jr., **MYRON ORFIELD, ATTORNEY**, 2900 Thomas Avenue South, Suite 2429, Minneapolis, MN 55426, for Petitioner.

Ana H. Voss, Jesus Cruz Rodriguez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Rafael A.P.A. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on December 23, 2025. Rafael A.P.A. petitions for a

writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes that Rafael A.P.A.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Rafael A.P.A. is a citizen of Guatemala and a resident of Cottage Grove, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 13, Jan. 31, 2026, Docket No. 1.) He entered the United States in November 2015. (*Id.*) He has not filed an asylum application, and he is not subject to a final order for removal. (*Id.*)

On December 23, 2025, ICE arrested Rafael A.P.A. without a warrant after masked ICE officers boxed in his vehicle while he was driving. (*Id.* ¶ 16.) He was taken into custody and detained at Sherburne County jail in Elk River, Minnesota. (*Id.* ¶ 12.) On January 31, 2026, Rafael A.P.A. filed a Verified Petition for Writ of Habeas Corpus, alleging that his continued detention is unlawful and requesting that the Court order his immediate release, or alternatively, a bond hearing. (*Id*. ¶¶ 31–54.)

That same day, the Court issued an order (1) enjoining Respondents from transferring Rafael A.P.A. outside the District of Minnesota pending a ruling on his habeas petition, and (2) directing Respondents to file an answer by February 3, 2026. (Docket No. 3.) The Respondents answered the Petition (Docket No. 4), and Rafael A.P.A. replied (Docket No. 5).

**DISCUSSION**

Respondents argue that Rafael A.P.A. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). After thorough review of the parties' filings, the Court concludes that the legal issues presented by Rafael A.P.A.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, Civ. No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Rafael A.P.A. was arrested while already in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Rafael A.P.A.'s detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Rafael A.P.A.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Rafael A.P.A.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

-4-

e.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

f.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 9, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  February 6, 2026  
at Minneapolis, Minnesota.

*John R. Tunheim*  
JOHN R. TUNHEIM  
United States District Judge
